UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

THOMAS TAYLOR
Plaintiff,
vs.

CELEBRITY CRUISES INC. AND
CANYON RANCH SPA
Defendants.
_____________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendants and alleges:

**PRELIMINARY ALLEGATIONS**

1. This matter is being brought under the maritime and admiralty jurisdiction of the Court. In particular, Plaintiff brings this action pursuant to Article III, §2 of the United States Constitution, delegating jurisdiction over admiralty cases to the federal courts. In particular, Plaintiff brings this action pursuant to 28 U.S.C. §1333 which gives Article III courts "original jurisdiction … of … [a]ny civil case of admiralty or maritime jurisdiction." *Aqua Log, Inc. v. Lost and Abandoned Pre-Cut Logs and Rafts of Logs*, 709 F. 3d 1055, 1058 (11th Cir. 2013).

**PERSONAL JURISDICTION ALLEGATIONS**

2. Defendant Celebrity is subject to the jurisdiction of the Courts of this state.

3. Defendant Celebrity, at all times material hereto, personally or through an agent;

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or country or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

d. Purposefully availed itself of the benefits of conducting activities in Florida by purposefully directing its activities toward the state, thereby obtaining the benefits and protections of the state's laws;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this state.

4. Defendant Canyon is subject to the jurisdiction of the Courts of this state.

5. Defendant Canyon, at all times material hereto, personally or through an agent;

a. Operated, conducted, engaged in or carried on a business venture in this state and/or country or had an office or agency in this state and/or county by virtue of the Spas it operated on Defendant Celebrity's vessels;

b. Was engaged in substantial activity within this state by virtue of the Spas it operates on Celebrity's vessels;

c. Purposefully availed itself of the benefits of conducting activities in Florida by purposefully directing its activities toward the state, thereby obtaining the benefits and protections of the state's laws;

d. The acts of Defendant set out in this Complaint occurred in whole or in part in this state.

## GENERAL ALLEGATIONS

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant Celebrity owned, operated, managed, maintained and/or controlled the vessel, Reflection.

8. On or about April 17, 2015, Plaintiff was a paying passenger on the Defendant Celebrity's vessel, Reflection.

9. While on board Plaintiff went to Defendant Canyon's Spa to have a Hot Stone Massage and while there suffered second degree burns to his back as a result of the negligence of the Canyon Spa attendant that he was assigned and as a result of Defendant Celebrity's negligence in providing Canyon the opportunity to market to and provide massages to Celebrity's passengers.

10. At all times material hereto, both Defendants Celebrity and Canyon owed the Plaintiff a duty of reasonable care which they both breached by failing to adequately train, supervise, and monitor the actions of the Spa attendant assigned to the Plaintiff.

11. At all times material, Celebrity either knew or should have known of the risk that existed from allowing Defendant Canyon's Spa to provide to Defendant's Celebrity's passengers Spa treatments that may cause bodily harm to them when not provided by adequately trained, supervised and monitored Spa attendants.

**COUNT I – NEGLIGENCE**

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) fifteen (11) as though alleged originally herein.

12. Plaintiff was injured when the Spa treatment he received left him with several second degree burns to his back due to the fault and/or negligence of Defendants, and/or its agents, servants and/or employees as follows: Negligence of Defendant Canyon - 1) Failure to adequately train and supervise the staff allowed to do Hot Rock Spa "treatments", and/or 2) Failure to adequately monitor the temperature of the rocks to ascertain they are not at a temperature which could cause a burn on the body of the

recipient of the " treatment", 3) Failure to adequately ascertain the sensitivity of the "treatment " recipient to localized direct radiant heat, and/or 4) Failure to adequately limit the recipient's exposure time to the radiant heat of the Hot Rocks though out the length of the "treatment" so as to ensure not to cause any burns to the recipient of the " treatment", and/or 5) Failure to employ adequately credentialed Hot Rock spa "treatment" providers having sufficient training, knowledge and experience so as to not cause burns to the Hot Rock Spa "treatment" recipient. Negligence of Defendant Celebrity – 1) Failing to perform an adequate "Due Diligence" background check on the credentials of the Canyon Spa employees/independent contractors to make sure that they were in fact qualified to be administering to Celebrity's passengers and the Plaintiff himself the treatments offered at the Spa, and/or 2) Adequately monitoring the Canyon Spa on board to make sure it complied with the best practices of the Spa industry and was in compliance with all land based regulations to which the Spa is subject to in its land based locations, and/or 3) Failing to adequately vet Defendant Canyon's Spa on board the vessel Reflection prior to letting it operate the Spa on board the vessel., and/or 4).After having originally vetted Defendant Canyon and extending to it the right to operate on board Defendant Celebrities vessels, failing to spot check the Spa on board the Reflection to make sure it was indeed, on an ongoing basis, staying within the standards Canyon was to stay within. All of which led to the Plaintiff being injured as a result if the Hot Rock Spa Massage "Treatment" in the Canyon Ranch Spa on board the vessel Reflection.

13. At all times material hereto, Defendant Celebrity had exclusive custody and control of the above named vessel.

14. At all times material hereto, Defendant Celebrity had exclusive custody and control of the Spa contained within the vessel Reflection.

15. At all times material hereto, Defendants Celebrity and Canyon negligently failed to ascertain the hazards that the Spa within the vessel presented to the plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn the plaintiff of the hazard. Defendant Celebrity violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual. All of which caused the plaintiff to be injured.

16. Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

17. As a result of the negligence of Defendants Celebrity and Canyon, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of plaintiff's injures, and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer losses and impairments in the future due to them. In addition, plaintiff lost the benefit of plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants for all damages recoverable under the law against the defendants, and demands jury trial of all issues so triable.

**RESPECTFULLY SUBMITTED,**

LIPCON, MARGULIES, ALSINA &
WINKLEMAN P.A.
Attorneys for Plaintiff
Suite 1776, One Biscayne Tower
Miami, Florida 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204
Email: ralsina@lipcon.com

By __/s/ *Ricardo V Alsina*
**RICARDO V ALSINA**
FLORIDA BAR 883182